RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 16 2017

JEFFREY P. COLWELL
CLERK

**In the de jure Court of Record at Common Law
Within the Superior Court of the united States of America
for the Colorado State**
Pursuant to the Seventh Amendment and Article III, Section 2, Clause 3

| | |
|---|---|
| stephen-john: nalty | ) Superior Court Case 201709132440601001 |
| Robert Taylor | ) |
| | |
| Robert Turk | ) 17-CV-02205 39 |
| Juvenal Alvarado | ) |
| Ruben Kinder | ) Criminal Action at Law |
| Elijah Brown | ) Civil Action for Damages |
|     Claimants | ) |
| | ) Jury Trial is Hereby Demanded |
| v. | ) |
| | ) |
| ACDF INC. | ) |
| J.D. Marshall | ) |
|     Defendants | ) Writ of Error |

## Writ of Error

1. FOR NOW COMES THE COURT, ON ITS OWN MOTION, CORAM NOBIS TO review the facts, record, and process resulting in the "minute" order submitted by the magistrate.

2. For on the 13th day of September A.D. 2017 Claimants filed an action at law in a court of record even though the clerk of the court through its ignorance assigned a civil case number under the

statutory system of numbering.

3. For the magistrate of clerk changed the name of one of the Claimants from stephen-john: nalty to STEPHEN JOHN NALTY aka STEPHEN-JOHN: NALTY.

## DETAIL

4. The following is organized into three sections:

   I. Judicial cognizance

   II. Findings of facts, Discussion of Law

   III. Impeachment and Writ

## Judicial Cognizance

5. For this court takes judicial cognizance of and decrees the following:

6. JUDICIAL COGNIZANCE: Judicial notice, or knowledge upon which a judge is bound to act without having it proved in evidence. [Black's Law Dictionary, 5th Edition, page 760.]

7. The people of the united States of America and Colorado do not waive their sovereignty to the agencies that serve them being the sovereigns who ordained and established the Constitution for the united States of America and the Colorado state.[1]

8. Two distinguishing and critical characteristics of a court of record are: A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, AND Proceeding according to the course of common law.

9. In the September 2017 the magistrate submitted a document for the record purporting to be a "minute" order of this court.

10. For the magistrate has not filed an action against the Claimants named herein.

11. All political power is vested in and derived from the people; all government, of right, orginates from the people, is founded upon their will only, and is instituted solely for the good of the whole.[2]

---

[1] We, the people of Colorado, with profound reverence for the Supreme Ruler of the Universe, in order to form a more independent and perfect government; establish justice; insure tranquility; provide for the common defense; promote the general welfare and secure the blessings of liberty to ourselves and our posterity, do ordain and establish this constitution for the "State of Colorado."

[2] Colorado Constitution, Section 1. Inalienable Rights: All men are by Nature free and equal and have certain inalienable Rights among which are those of enjoying and defending life and liberty; Acquiring, Possessing and Protecting property

12. "The people of this state have the sole and exclusive Right of governing themselves, as a free, sovereign and independent state: and to alter and abolish their constitution and form of government whenever they may deem it necessary to their safety and happiness, provided such change be not repugnant to the Constitution of the united States of America."[3]

13. "... at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects ... with none to govern but themselves ... [CHISOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L.Ed. 440, 455.]

14. "The very meaning of 'sovereignty' is that the decree of the sovereign makes law." [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann. Cas. 1047.]

15. Claimants are inhabitants of Colorado and Iowa and **not residents** of the STATE OF COLORDO.

16. "The state cannot diminish Rights of the people." [Hurtado v. California, 100 U.S. 516.]

17. "The assertion of federal Rights, when plainly and reasonably made, is not to be defeated under the name of local practice." [Davis v. Wechsler, 263 U.S. 22, 24.]

18. "Where Rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." [Miranda v. Arizona, 384 U.S. 436, 491.]

19. "There can be no sanction or penalty imposed upon one because of this exercise of constitutional Rights." [Sherar v. Cullen, 481, F. 946.]

20. The precedent for "free access ... to its judicial tribunals" has been set and never overturned. [Crandall v. State of Nevada, 73 U.S. 35 (1867).] and;

21. The precedent set in Crandall v. State of Nevada is supported by Miranda v. Arizona, 384 U.S. 436, 491; Sherar v. Cullen, 481 F 945, 946 (1973); Murdock v. Pennsylvania, 319 U.S. 105, at 113; and Hale v. Henkel, 201 U. S. 43 and;

22. The Colorado Constitution, Artice II, Clause 6 says "Courts of Justice shall be open to every person, propetty or character ; and justice should be administered **without sale**, denial or delay, and;

23. "we the people are the sovereigns, the state and federal officials only our agents," Cooper v. Aaron, 358

---

and pursuing and obtaining safety and happiness.

3 Article II, Clause 2 of the Colorado Constitution: All political power is inherent in the people. Government is instituted for the protection, security and benefit of the people...

U.S. 1, 78 S.Ct. 1401 (1958).

## II. Findings of Fact, Discussion and Conclusion of Law

24. For the record shows the Claimants filed an action against the Defendants named herein;

25. For the record shows that the magistrate entered a document on the record purporting to be a "minute order" of this court;

26. For although, the court acknowledges that a "minute order" is no order at all, it leaves the perception to the public that the "minute order" is an order;

27. This superior court having general jurisdiction over all territories and all people who have been alleged to have cause an injury;

28. All decisions are reserved to the superior court and is not subject to the magistrate's opinion;

29. For as has been repeatedly upheld, the court in which this case is proceeding is a court of record. The magistrate is not authorized to enter orders, opinions or any other documents disguised as order in the form of "minute orders";

30. For the genius of a court of record is not to be undermined. It is the birthright of every American to settle issues in a court of record, is he so chooses. That choice has been made in this matter, and has been so stated in the first paragraph in this action;

31. For the magistrate and the clerk are persons appointed or elected to perform ministerial service in a court of record[4] because all judicial functions in a court of record are reserved to the tribunal, which must be independent of the magistrate.

32. For the magistrate of this inferior court has now attempted to usurp the power of this tribunal, this court of record, under color of law.[5] Discretionary judgments are reserved to and should have been made by the tribunal independently of the person of the magistrate designated generally to merely file documents for the court.[6]

33. For the magistrate has no authority to act as the tribunal in a court of record. "The United States

---

4  Official's duty is "ministerial" when it is absolute, certain and imperative, involving merely the execution of a specific duty arising from fixed and designated facts. (Long v. Seabrook, 260 S.C. 562, 197 S.E. 2D 659; Black's Law Dictionary, 5th Edition, page 899.)
5  18 USC242 makes deprivation of Rights under color of law a felony punishable up to 20 years in prison.
6  Jones v. Jones, 188 Mo. App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metx. Mass. 171, per Shaw, C.J. See also, Lewith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689 and Black's Law Dictionary, 4th Edition, 425, 426.

Supreme Court has clearly, and repeatedly, held that any judge who acts without jurisdiction is engaged in an act of treason."[7] This applies to clerks of the court as well even when the clerk is making entries on the docket for notice to parties hereto;

34. For no officer of government, not even the magistrate, has immunity. "Officials and judges are deemed to know the Law and sworn to uphold the Law; officials and judges cannot claim to act in good faith in willful deprivation of the Law; they certainly cannot plead ignorance of the Law. Even the people cannot plead ignorance of the Law. It is ludicrous for learned officials and judges to plead ignorance of the Law, therefore, there is no immunity, judicial or otherwise, in matters of Rights secured by the Constitution for the united States of America."[8]

35. An order submitted from one not authorized to make order is void. "A void judgment which includes judgment entered by a court which ... lacks inherent power to enter the particular judgment ... can be attacked at any time, in any court, either directly or collaterally ..."[9]

36. "A judgment is void if the court that rendered it ... acted in a manner inconsistent with due process."[10]

37. For the magistrate's interference in this matter obstructs due process of Law.[11] "Due proces of Law is process according to the Law of the land" ... **prescribed and interpreted according to the principles of the common law.**

### III. Impeachment and Writ

38. FOR THE COURT, HAVING REVIEWED THE FACTS, THE RECORD, AND THE PROCESS BY WHICH THE CLERK erroneously named one of the Claimants in ALL CAPITAL LETTERS;

39. and orders the Claimants to 'cure deficiencies';

40. and to comply with 28 USC 1950 regarding filing fees;

41. FOR IT IS THE ORDER OF THIS COURT THAT THE "minute order" is with a void and hereby vacated;

---

7 U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed. 392, 406; Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L. Ed. 257.
8 Owen v. City of Independent, 100 S.Ct. 1398; Maine v. Thiboutot, 100 S.Ct.2502; and Hafer v. Melo, 502 J.S. 21.
9 Long v. Shorebank Development Corp., 182 F. 3d. 548 (C.A. 7 Ill. 1999.
10 Margoles v. Johns, 660 F. 3d. 291.
11 Hurtado v. California, 110 U.S. 516, 3 S.Ct. 111, 292, 28 L. Ed. 232.

42. FOR IT IS THE ORDER OF THIS COURT THAT THE magistrate cease acting as the tribunal and merely sign documents in support of the decisions of the tribunal and court of record;

43. FOR IT IS ORDERED, ADJUDGED AND DECREED that any additional rogue interference with court procedures by any officer of this court including the magistrate, court administrator or clerk or any other court or government agency or organization be it corporate or otherwise will be in contempt of the court and perpetrators will be held in contempt, with motion and without hearing;

44. FOR IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the magistrate and defendants are hereby invited to file and serve on all other interested parties and magistrate a brief no later than 20 days from the filing of this writ to show cause to this court why this order is not valid or should be modified. There will be no oral argument. The court, mindful of the parties and importance of fair play, will liberally construe the written arguments present.

Witness the hand and seal of the court this 11th day of October in the year of our Lord 2017.

*Stephen-john: nalty*

By: stephen-john: nalty

**sui juris, attornatus privatus**

WRIT OF ERROR

NALTY
ACDF INC

6 OF 7

# Certificate of Service

**Please mail a copy to each of the defendants:**

ACDF, INC.
150 North 19th Avenue
Brighton, Colorado 80601

J.D. Marshall
Adam's County Sheriff Department
332 North 19th Avenue
Brighton, Colorado 80601

WRIT OF ERROR          Nally v. ACDF Inc.          7 of 7